# IN THE UNITED STATES BANKRUPTCY COURT
## for the District of Kansas

**In the Matter of**:                }
                                     }   Case No. 06-40208
  Heidi Scholz                     }
  Craig Scholz                     }   Chapter 7
                                     }
**Debtors**                          }

_____

Chase Bank USA, N.A.,                                                Plaintiff,

  v.                                                        Adversary No. 06-07050

Heidi Scholz,                                                        Defendant,

  v.

Chase Bank USA, N.A.,                                           Counter-Defendant.

## DEEFENDANT/COUNTER-CLAIMANT'S MOTION FOR SANCTIONS

    **COMES NOW** the defendant/counter-claimant, Heidi Scholz (hereinafter "Defendant"), by and through her attorney, William E. Pray, and, pursuant to Fed. R. Civ. P 37(b)(2), moves this honorable Court for an order imposing sanctions upon the Plaintiff/Counter-defendant (hereinafter "Defendant"). In support of said *Motion*, he states as follows:

1. That Defendant filed her *First Request for Production of Documents* on the 21st day of August, 2006, making responses due on or about the 24th day of August, 2006. No response, objection, or any motion for extention of time to answer these requests were filed with the Court by the Plaintiff. Defendant filed a Motion to Compel on the 4th day of October, 2006.

2. That a phone conference was held on the 13th day of October, 2006, with the Court and attorneys for the parties. At that hearing, counsel for the Plaintiff indicated that he had, in his possession, "an inch thick" stack of documents that the Court found to be a partial compliance with the production request. Plaintiff's counsel indicated that he would be sending them out that day.

3. That the Court, in its order on the telephone conference, granted the *Motion to Compel* and, as a part of that order, stated that, "Plaintiff is ordered to forthwith submit to counsel for Defendant all the responses and documents that counsel for Plaintiff has on hand. Counsel promised to send those out today." The Court also ordered that Plaintiff's overdue Rule 26(a) disclosures and supplementation of the document production be submitted by the 23rd day of October, 2006.

4. That, on the 18th day of October, in a letter to Plaintiff accompanying their first interrogatories, Defendant's attorney stated:

> As of today's mail, I have not yet received any of the "inch thick" stack of documents you stated you had during the phone conference on Friday. Since you stated, and the Court ordered, that they be sent on Friday, I am concerned as to their status. I also note that you have not filed a certificate of service on the documents. Please let me know the status of this part of the production.

5. That, late on Friday afternoon on the 20th day of October, 2006, Plaintiff's counsel left a message with Defendant's counsel, requesting a phone call. That call was returned Monday morning, the 23rd. In that call, it was agreed that the Plaintiff would have an additional 10 days to supplement their responses that were due that day with Mr. Weiss to prepare a stipulation to this agreement. Defendant's counsel inquired about the discovery that was to be mailed out over a week ago. Plaintiff's counsel seemed surprised that it had not been received, and promised to overnight it.

6. That, in a phone conversation between counsel, on the 24th of October, on the status of this production. Plaintiff's counsel responded that he had not been in the office the day before, that he was having trouble with his copy machine and that the items had been sent that morning. Those documents were received on the morning of the 25th of October and consisted of an abstract of charges to Defendant's account and copies of all monthly statements sent to the Defendant. In that same conversation, inquiry was made with regard to the overdue 26(a) disclosures. Plaintiff counsel's response was that he was working on them.

7. The stipulation was received by fax on the 26th of October and was signed and returned by fax on the 27th. It has not yet been filed with the Court. The stipulation granted the Plaintiff until the 31st day of October, to file the supplemented responses.

8. That, as of the date of this *Motion*, no supplementation or Rule 26(a) disclosures have been received and no document indicating timely compliance with the *Order* granting the *Motion to Compel* has been filed. Defendant's counsel had informed Plaintiff's counsel, on the 24th day of October, that failure to provide a timely response, as allowed by the stipulation, would result in the filing of this *Motion*.

9. That, in the sixty (60) days since the filing of the *Request for Production*, the Defendant/Counter-Claimant has incurred attorney's fees for attempts to obtain discovery and has received nothing. The Rule 26(a) disclosures are now more than thirty (30) days past due.

10. That the Plaintiff has broken its own promise and has failed to comply with the *Order* of this Court even after Defendant agreed to additional time to comply.

**WHEREFORE** Defendant prays that this Court issue one, or more, of the following orders:

11. That the Plaintiff be barred from presenting any evidence upon in this action;

12. That the *Complaint* be stricken;

13. That the Plaintiff be found in contempt of the orders of this Court;

14. That the Plaintiff and/or Plaintiff's counsel be required to pay costs and attorney's fees to the Defendant/Counter-claimant, in the sum of $500.00;

and grant such other and further relief as to the Court may seem just and proper in the premises.

Respectfully submitted,

/s/William E. Pray
William E. Pray
Attorney at Law #9040
316 South 5th Street
Post Office Box 16
Leavenworth, Kansas 66048-0016
(913) 651-5678
(913) 682-8789 (fax)
Attorney for Defendant/Counter-claimant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of November, 2006, a true and correct copy of the above was electronically filed with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that copies of the above were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

- NONE

s/William E. Pray<br>
William E. Pray<br>
Attorney for Defendant/Counter-claimant