# IN THE UNITED STATES BANKRUPTCY COURT
## for the District of Kansas

| | |
|---|---|
| **In the Matter of**: } | |
| } | Case No. 06-40208 |
| Heidi Scholz } | |
| Craig Scholz } | Chapter 7 |
| } | |
| **Debtors** } | |

_____

Chase Bank USA, N.A.,                                                         Plaintiff,

v.                      Adversary No. 06-07050

Heidi Scholz,               Defendant,

v.

Chase Bank USA, N.A.,               Counter-Defendant.

## DEFENDANT/COUNTER-CLAIMANT'S MOTION
## TO DETERMINE SUFFICIENCY OF PLAINTIFF'S ANSWERS TO
## DEFENDANT'S FIRST INTERROGATORIES AND REQUEST FOR ADMISSION

     **COMES NOW** the Defendant/Counter-claimant (hereinafter "Defendant") by and through her attorney and moves this Honorable Court for an Order determining the sufficiency of Plaintiff/Counter-defendant (hereinafter "Plaintiff")'s answers to *Defendant/Counter-claimant's First Request for Admissions* and *Defendant/Counter-claimant's First Set of Interrogatories to Plaintiff*. In support of said *Motion*, she states and alleges as follows:

1. That, on the 13th day of November, Plaintiff timely provided *Plaintiff's Responses to Defendant's Interrogatories and Request for Admissions* to the Defendant. A copy of which is attached as Exhibit 1. These were in response to *Defendant/Counter-claimant's First Request for Admissions*, attached as Exhibit 2, and *Defendant/Counter-claimant's First Set of Interrogatories to Plaintiff*, attached as Exhibit 3.

2. That, on the 14th day of November, Defendant submitted, by facsimile transmission, a letter to Plaintiff's counsel indicating disputes with the manner in which these responses were submitted the sufficiency of some of the responses, and the objections made to some of the requests.

3. That, at the hearing on the 20th day of November, Plaintiff's counsel acknowledged receipt of the letter, review of it, and his intention to supplement some responses and stand on others, but did not state any specifics.

4. That, in a telephone call on the 1st day of December, Plaintiff's counsel suggested discussion

of the disputes but would be unable to address them until next week. Eventually he indicated that I should file this motion to put my concerns before the Court.

5. That Defendant desires that this Court determine the following items with regard to Plaintiff's responses:

   a. The answers fail to comply with Fed. R. Civ. P. 33(b)(2) in that they are not signed by Mr. Weiss and the objections are not signed by the attorney making them.

   b. The answers are sworn to, on behalf of the Plaintiff, by Denise Huska, Substitute Custodian of Records for the Plaintiff. The nature of this person does not demonstrate the ability to bind the Plaintiff as its representative.

   c. Interrogatory No. 1 - is objected to but is a request for decision process, not the legal advice that counsel provides. The answer fails to comply with the Instructions for the Interrogatories, requiring:

   > With respect to any document or communication for which you claim a privilege, identify the document or communication as required above, including the general subject matter, but not the substance, state the privilege involved, and state the factual and legal basis of the privilege.

   d. Interrogatory No. 2 - is incompletely answered as it fails to cite the information upon which their conclusion and fails to comply with the Instructions for the Interrogatories, requiring:

   > For every interrogatory that requests you to state the basis of an allegation or denial, answer as follows: a)Describe in detail the complete factual basis for the allegation or denial; (b)Identify every communication that relates to the allegation or denial; (c)Identify every document that relates to the allegation or denial; (d)Identify every person who has knowledge of facts relating to the allegation or denial.

   e. Interrogatory No. 3 - objects to a request for the identity of the person who made the decision to file this adversary proceeding in the most shotgun, boiler-plate manner.

   f. Interrogatory No. 5 - is a request for the legal basis of a claim for attorney fees. The answer provided is F.R.B.P. 7008(b) which reads "Attorney's fees. A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." This clearly is the mechanism for pleading authorized attorney fees, as in Fed.R.Civ.P Rule 11 or 11 U.S.C. §523(d), not an authorization for attorney fees in any case. The answer is not responsive.

    g.    Admission No. 1 - does not fairly answer the request. Did Plaintiff invite her to enter into a contract or did she apply without an initial invitation?

    h.    Admission No. 5 - is a denial. F.R.C.P. 36 requires that "A denial shall fairly meet the substance of the requested admission." What independent verification of information provided by the Defendant/Counter-claimant was made? Plaintiff fails to answer.

    i.    Admission No. 9 - does not fairly answer the request and claims irrelevancy. The question directly addresses issues raised in our last court hearing related to the actions of the Plaintiff in filing case only for the purposes of settlement.

    j.    Admission No. 14 - is another boiler-plate objection. It is a simple question and goes to the motivation of the Plaintiff in dealing with bankruptcies filed by their customers.

    k.    Admission No. 24 - objects to the request as to the "materiality" is an issue for trial. However, either the statements of Michelle Layaben as set forth in the Counter-claim, are true or they are not. This should either be admitted or denied.

    l.    Admission No. 31 - provides and incomplete response. In order to fairly respond to this admission, I think a more specific response is required regarding the date and time of the response.

**WHEREFORE**, Defendant prays that this Court rule on the sufficiency of the responses made by the Plaintiff, as set forth above.

    /s/William E. Pray
William E. Pray
Attorney at Law #9040
316 South 5th Street
Post Office Box 16
Leavenworth, Kansas 66048-0016
(913) 651-5678
(913) 682-8789 (fax)
Attorney for Defendant/Counter-claimant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of December, 2006, a true and correct copy of the above was electronically filed with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that copies of the above were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

- NONE

s/William E. Pray<br>
William E. Pray<br>
Attorney for Defendant/Counter-claimant