IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>HEIDI AND CRAIG SCHOLZ,<br><br>Debtor, | Chapter 7<br><br>Case No. 06-40208 |
| CHASE BANK USA, N.A.,<br><br>Plaintiff,<br><br>-vs-<br>HEIDI SCHOLZ,<br><br>Defendant. | Adversary Proceeding No. 06-07050<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR ADMISSIONS** |

COMES NOW, Chase Bank USA, N.A., by and through its attorney of record, Ronald S. Weiss, of the firm Berman, DeLeve, Kuchan & Chapman, pursuant to Fed. R. Civ. P. 33(b), and hereby submits the following responses to Debtor's combined request for Interrogatories and Request for Admissions as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1**: Describe the process used to determine that this adversary proceeding should be filed by you.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that the information requested is protected by the doctrine of attorney work product.**

**INTERROGATORY NO. 2**: List every basis upon which Plaintiff claims that "Defendant obtained credit extended from Plaintiff by false pretenses, false representations and/or actual fraud." (Complaint Objecting to Dischargeability of Indebtedness ¶ II. 13).

**RESPONSE: Each time Defendant used or authorized the use of his credit card, he made a representation to Plaintiff that he intended to repay the resulting charges.**

1- PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Defendant continued to draw upon his credit line, and continued to represent an intention to repay each charge, until shortly before he filed for relief under the Bankruptcy Code. Upon information and belief, Defendant continued to draw upon his credit line after he became insolvent and lacked any reasonable prospect of regaining the ability to repay Plaintiff. Thus, Defendant made false representations of his intent to repay on several occasions. Upon information and belief, Defendant made these representations with the intent to deceive Plaintiff in order to obtain money and/or property. Bankruptcy fraud consists of a false representation made with the intent to deceive, upon which the recipient of the representation justifiably relies, and proximately causes harm to the recipient. In re Eashai, 87 F.3d 1082, 1088 (9th Cir. 1996). Plaintiff justifiably relied on the representations made by Defendant because Defendant's account was not in default and Plaintiff's initial investigations into Defendant's credit report did not raise any red flags that would make Plaintiff's reliance unjustifiable. Id at 1091-92. Defendant falsely represented that he intended to pay the charges. Plaintiff justifiably relied on Defendant's representations of his intent to repay, and Plaintiff's reliance on these representations was the proximate cause of harm to the Plaintiff.

**INTERROGATORY NO. 3**: Identify the person who made the decision to file this adversary proceeding.

**RESPONSE**: Plaintiff objects to this interrogatory as overbroad and unduly burdensome, not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, constitutes attorney work-product and attorney/client privilege.

2- PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Case 06-07050    Doc# 58-1    Filed 12/04/06    Page 2 of 14

**INTERROGATORY NO. 4**: Describe each and every document that supports your answer to Interrogatory No. 2.

**RESPONSE**: **Please see Defendant's account transaction history and other documents attached hereto. Also see, Debtors' schedules and statements on file in the bankruptcy proceeding. Further, Plaintiff will supplement this Response as such information is located.**

**INTERROGATORY NO. 5**: List every basis upon Plaintiff's prayer that they receive relief in the form of "an order awarding Plaintiff its attorneys fees and costs incurred herein;" (Complaint Objecting to Dischargeability of Indebtedness ¶ III. 3).

**RESPONSE: Rule 7008(b) of the Federal Rules of Bankruptcy Procedure.**

**INTERROGATORY NO. 6**: Where is Michelle Labayen, Esq., of Weinstein & Riley, P.S. licensed to practice law?

**RESPONSE**: **Plaintiff objects to this interrogatory as it is not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Michelle Labayen is no longer employed with Weinstein & Riley, P.S., and is licensed to practice law in New York and New Jersey.**

**INTERROGATORY NO. 7**: Identify any person or agency contacted by you in investigating the possible filing of this adversary proceeding.

**RESPONSE: None.**

**INTERROGATORY NO. 8**: A letter, dated the 18th of April, 2006 from Glenn D. Miller, of Weinstein & Riley, P.S., states that, "We believe there is evidence and a sufficient basis to object to the discharge of your debt in this manner." State the basis of this belief.

RESPONSE: As shown by the account transaction history attached hereto for account XXXXX4292, only about 3½ months elapsed between the time of the unpaid charges and Defendant's bankruptcy filing; Defendant incurred charges on the Account totaling $3,900.00 between 12/15/2005 and 12/16/2005; the Defendant made only one payment on the Account thereafter; the amount charged on the account is high; the funds may have been used to purchase luxury goods/services; the charges indicated a sudden change in the Debtor's buying habits; and as indicated in the Debtor's Schedules I and J, Defendant's monthly expenses exceeded Defendant's monthly income by $5,100.00. Taken together, these facts indicate that it is more probable than not that Defendant fraudulently intended to deceive Plaintiff. In re Dougherty, 84 B.R. 653 (9th Cir. BAP 1988).

INTERROGATORY NO. 9: Identify every document relied upon in making the statement set forth in Interrogatory No. 8.

RESPONSE: See defendant's transaction history and other documents attached hereto.

INTERROGATORY NO. 10: Where is Glenn D. Miller, of Weinstein and Riley, P.S. licensed to practice law?

RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Glenn D. Miller is licensed to practice law in New York and Washington.

INTERROGATORY NO. 11: Did the Defendant/Counter-claimant contact you following the sending of the 18 April 2006 letter and prior to the filing of the adversary proceeding.

**RESPONSE**: No.

**INTERROGATORY NO 12**: Did the Defendant/Counter-claimant provide an explanation of the cash advance prior to the filing of the adversary proceeding?

**RESPONSE**: No.

**INTERROGATORY NO. 13**: Does Plaintiff claim that there is a presumption of non-dischargeability for the $3,900.00 cash advance allegedly taken by Defendant/Counter-claimant?

**RESPONSE**: No.

**INTERROGATORY NO. 14**: If the answer to Interrogatory No. 13 is yes, identify each and every basis for that claim.

**RESPONSE**: N/A.

**INTERROGATORY NO. 15**: Did you use a computer in the maintenance of the account held by the Defendant/Counter-claimant?

**RESPONSE**: Yes.

**INTERROGATORY NO. 16**: If the answer to Interrogatory No. 15 is yes, describe the procedure for inserting data into the computer.

**RESPONSE**: **Plaintiff objects to this interrogatory on the grounds that it is not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 17**: If the answer to Interrogatory No. 15 is yes, describe the safeguards to ensure accuracy and identify errors in the entry and maintenance of account information.

**RESPONSE**: **Plaintiff objects to this interrogatory on the grounds that it is not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 18:** If the answer to Interrogatory No. 15 is yes, describe the procedure(s) whereby the computer is kept in a good state of repair.

**REPONSE:** **Plaintiff objects to this interrogatory on the grounds that it is not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 19**: If the answer to Interrogatory No. 15 is yes, list all documents that will be used to establish the charges on Defendant/Counter-claimant's account.

**RESPONSE**: **See defendant's transaction history and other documents attached hereto.**

**INTERROGATORY NO. 20**: If the answer to Interrogatory No. 15 is yes, identify the parties, companies, or agencies responsible for the support and maintenance of the computer.

**RESPONSE**: **Plaintiff objects to this interrogatory on the grounds that it is not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.**

### REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION (1):** Plaintiff solicited Defendant/Counter-claimant to enter into a credit contract by mailing to her an invitation to enter into said contract with Plaintiff.

**RESPONSE**: **Admit to the extent that Plaintiff extended to Defendant a line of Credit. Plaintiff reserves the right to amend this response subject to additional information becoming available.**

**REQUEST FOR ADMISSION (2)**: Plaintiff sent a credit application to the Defendant/Counter-claimant in connection with the account which is now the subject of the present litigation.

**RESPONSE**: **Admit**

**REQUEST FOR ADMISSION (3)**: Defendant/Counter-claimant returned the credit application to the Plaintiff after which credit was approved.

**RESPONSE**: **Admit to the extent that Plaintiff extended to Defendant a line of Credit. Plaintiff reserves the right to amend this response subject to additional information becoming available.**

**REQUEST FOR ADMISSION (4):** Plaintiff has no specific basis on which to claim that any information contained in any credit application by the defendant was inaccurate.

**RESPONSE**: **After reasonable inquiry, Plaintiff has insufficient information to enable it to admit or deny and therefore denies this request. Plaintiff reserves the right to amend this response subject to additional information becoming available.**

**REQUEST FOR ADMISSION (5):** Plaintiff did not independently verify any of the information provided by Defendant/Counter-claimant before approving the credit.

**RESPONSE**: **Deny.**

**REQUEST FOR ADMISSION (6)**: No employee or agent of the Plaintiff has personal contact with the Defendant/Counter-claimant by telephone or any other means of oral communication at any time with respect to the account.

**RESPONSE**: **After reasonable inquiry, Plaintiff has insufficient information and lacks knowledge at this time to enable it to admit or deny and therefore denies this request. Plaintiff reserves the right to amend this response subject to additional information becoming available.**

**REQUEST FOR ADMISSION (7)** The Defendant/Counter-claimant's right to use her account was not revoked before she filed bankruptcy.

**RESPONSE**: **Admit.**

**REQUEST FOR ADMISSION (8)** Plaintiff did not reject any charges made by the Debtor/Defendant on her account.

**RESPONSE**: **Admit.**

**REQUEST FOR ADMISSION (9)** Plaintiff does not individually review each use of an account by a customer and routinely allows such use until such time as the customer becomes delinquent, reports a card lost or stolen, exceeds the applicable credit limit or until the account is revoked.

**RESPONSE**: **Deny as to the defendant's custom and usage as irrelevant to the issues outlined in the Complaint filed herein.**

**REQUEST FOR ADMISSION (10):** Plaintiff did not seek or review a credit report concerning Defendant/Counter-claimant at any time after the account was opened.

**RESPONSE**: **After reasonable inquiry, Plaintiff has insufficient information to enable it to admit or deny and therefore denies this request. Plaintiff reserves the right to amend this response subject to additional information becoming available.**

**REQUEST FOR ADMISSION (11):** Plaintiff did not seek verification of income and employment of the Defendant/Counter-claimant at any time after the account was opened.

**RESPONSE**: **After reasonable inquiry, Plaintiff has insufficient information and lacks knowledge at this time to enable it to admit or deny and therefore denies this request. Plaintiff reserves the right to amend this response subject to additional information becoming available.**

**REQUEST FOR ADMISSION (12):** Plaintiff did not attend the Section 341(a) meeting of Creditors in Defendant/Counter-claimant's bankruptcy, and did not conduct a Rule 2004 deposition of Defendant/Counter-claimant at any time prior to filing this Adversary Proceeding Complaint.

**RESPONSE**: **Admit that Plaintiff did not attend the meeting of creditors or conduct a deposition of the defendant. However, Plaintiff reserves its right to depose Defendant pursuant to the applicable scheduling order in this case.**

**REQUEST FOR ADMISSION (13)** One common use of credit is obtaining a cash advance for which the borrower does not have the immediate ability to pay.

**RESPONSE**: **Admit.**

**REQUEST FOR ADMISSION (14)** Bankruptcy is a standard risk that is taken into account by a creditor in a credit transaction.

**RESPONSE**: **Plaintiff objects to this request because is overbroad and unduly burdensome; is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.**

**REQUEST FOR ADMISSION (15)** The credit agreement between Plaintiff and Defendant/Counter-claimant permits Defendant/Counter-claimant to charge necessities such as food at grocery stores or in restaurants, medicines and medical services, gasoline and auto repairs, clothing and hair care and other personal items.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (16)** The credit agreement between Plaintiff and Defendant/Counter-claimant permits Defendant/Counter-claimant to purchase, rent, or lease goods of any kind and to purchase services and obtain loans from the card for any bona fide purpose.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (17)** Plaintiff did not have any direct evidence of Defendant/Counter-claimant's alleged intent to defraud pursuant to 11 U.S.C. § 523(a)(2)(A) at the time of filing of the above-captioned Adversary Proceeding.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (18)** Plaintiff does not have any direct evidence of the Defendant/Counter-claimant circumstances leading to the use of the credit account in question.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (19)** Plaintiff did not conduct any independent investigation into the circumstances leading to the use of the credit account in question.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (20)** Plaintiff commonly files actions such as the above-captioned Adversary Proceeding with the intent to settle such actions without trial.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION (21)** Plaintiff commonly files actions such as the above captioned Adversary Proceeding without conducting a Rule 2004 Deposition or attending the 341(a) Meeting of Creditors in the underlying bankruptcy case involved.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (22)** Plaintiff was not substantially justified, pursuant to 11 USC § 523(d), in filing the above-captioned Adversary Proceeding, because no diligent investigation of the Defendant/Counter-claimant's use of a cash advance was made prior to filing the Adversary Proceeding, because no diligent investigation of the Defendant/Counter-claimant's use of a cash advance was made prior to filing the Adversary Proceeding Petition.

**RESPONSE: Deny.**

**REQUEST FOR ADMISSION (23)** That Michelle Labayen, Esq. is not an attorney admitted to the practice of law in any state.

**RESPONSE: Deny.**

**REQUEST FOR ADMISSION (24)** That Michelle Labayen, in a letter written to Defendant/Counter-claimant in July or August of 2006 made material misstatements of fact regarding the nature, status and legal position of Debtor/Counter-claimant's situation.

**RESPONSE: Plaintiff cannot admit or deny this request for the reason that the materiality of the statements is a genuine issue for trial.**

**REQUEST FOR ADMISSION (25)** That Plaintiff initially offered to settle the Defendant/Counter-claimant account for a reaffirmation of $3,900.00, or a lump sum payment of $3,000.00, but after the filing the Adversary Proceeding, offered to settle the account for $2,500.00

**RESPONSE: Admit.**

**REQUEST FOR ADMISSION (26)** That the attached two page letter, dated the 18th day of April, 2006 on the letterhead of Weinstein & Riley, P.S., signed by Glenn D. Miller, is a true and accurate copy of a letter sent to Defendant/Counter-claimant prior to the filing of the Adversary Proceeding on behalf of the Plaintiff.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (27)** That the Defendant/Counter-claimant contacted Weinstein & Riley, P.S. in response to the letter.

**RESPONSE: After reasonable inquiry, Plaintiff has insufficient information and lacks knowledge at this time to enable it to admit or deny and therefore denies this request. Plaintiff reserves the right to amend this response subject to additional information becoming available.**

**REQUEST FOR ADMISSION (28)** That the attached one page letter, undated, on the letterhead of Weinstein & Riley, P.S., signed by Michelle Labayen, Esq., is a true and accurate copy of a letter sent to Defendant/Counter-claimant after the filing of the Adversary Proceeding but before the entry of any judgment on behalf of the Plaintiff.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (29)** That the attached one page item, from The Exchange National Bank & Trust, is a true and accurate reflection of the sum of $3,900.00 to loan number 5696, on the 15th day of December, 2005, for an account in the name of Heidi R. Scholz.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (30)** That the attached two page letter, from William E. Pray to Michelle Layaben, Esq., dated the 3rd day of August, 2006 is a true and accurate copy of the letter sent by telefacsimile and received following the mailing of the letter set forth in paragraph 28., above.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION (31)** That no response has been sent to William E. Pray by Ms. Layaben, by the Plaintiff or any agent of the Plaintiff.

**RESPONSE**: **Admit that no written response was sent, however, a telephone response was made.**

DATED this ____ day of November, 2006.

                                        Ronald S. Weiss
                                        Berman, DeLeve, Kuchan & Chapman
                                        2230 Commerce Tower
                                        911Main
                                        Kansas City, MO 64105

                                        Attorneys for CHASE BANK USA, NA

## VERIFICATION

STATE OF Washington    )
                                ) ss.
COUNTY OF KING        )

I, Denise M. Huska, being first duly sworn, upon my oath state that I am the Substitute Custodian of Records for the Plaintiff above-named, and am hereby authorized to give this verification on behalf of the Plaintiff, that the foregoing documents in response to Defendant's Notice of Production of Documents, to the best of my knowledge, information and belief, are true and correct copies of documents maintained in the ordinary course of Plaintiff's business.

_[signature]_

Subscribed and sworn to before me this **2nd** day of **November**, 2006.

**JOAN LEE ROTRAMEL**
**STATE OF WASHINGTON**
**NOTARY — • — PUBLIC**
**MY COMMISSION EXPIRES 12-30-08**

_[signature]_
Joan Lee Rotramel
Notary Public in and for the State of Washington
Residing at Poulsbo
My commission expires 12/30/08

13- PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS

## CERTIFICATE OF MAILING / SERVICE

I, Ronald S. Weiss, counsel of record for the above-named Plaintiff, hereby certify that I served a copy of the foregoing **Plaintiff's Responses to Defendant's Interrogatories, Request for Production of Documents, and Request for Admissions** to the following:

William E. Pray
316 South 5th Street
P.O. Box 16
Leavenworth, KS 66048-0016

DATED this _____ day of November, 2006.

_____
Ronald S. Weiss

14- PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS