# IN THE UNITED STATES BANKRUPTCY COURT
## for the District of Kansas

**In the Matter of:**               }
                                    }   Case No. 06-40208
  Heidi Scholz               }
  Craig Scholz               }   Chapter 7
                                    }
**Debtors**                          }

_____

Chase Bank USA, N.A.,                                                    Plaintiff,

  v.                                                     Adversary No. 06-07050

Heidi Scholz,                                                           Defendant,

  v.

Chase Bank USA, N.A.,                                             Counter-Defendant.

## DEFENDANT/COUNTER-CLAIMANT'S FIRST REQUEST FOR ADMISSIONS

     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, which is made applicable to this Adversary Proceeding by Rule 7036 of the Federal Rules of Bankruptcy Procedure, Defendant/Counter-claimant Stephen D. Kaposy hereby demands that Plaintiff Chase Manhattan Bank USA NA, within thirty (30) days after service hereof, admit or specifically deny for the purposes of the above-captioned Adversary Proceeding and subject to all pertinent objections as to admissibility which may be interposed during further proceedings, the truth of the following facts.

In the event that any request is denied in whole or in part, Plaintiff Chase Bank USA, N.A., should set forth the reasons for such denial and identify the persons having knowledge thereof and the documents relating thereto.

## DEFINITIONS

A.    "Plaintiff" means Chase Bank USA, N.A .

B.    "Defendant/Counter-claimant" means Heidi Scholz.

C.    "You" or "Your" means Chase Bank USA, N.A., its agents, employees, attorneys, servants, predecessors and/or successors in interest and all others acting on its behalf.

REQUEST FOR ADMISSIONS

1. Plaintiff solicited Defendant/Counter-claimant to enter into a credit contract by mailing to her an invitation to enter into said contract with Plaintiff.

2. Plaintiff sent a credit application to the Defendant/Counter-claimant in connection with the account which is now the subject of the present litigation.

3. Defendant/Counter-claimant returned the credit application to the Plaintiff after which credit was approved.

4. Plaintiff has no specific basis on which to claim that any information contained in any credit application by the defendant was inaccurate.

5. Plaintiff did not independently verify any of the information provided by Defendant/Counter-claimant before approving the credit.

6. No employee or agent of the Plaintiff had personal contact with the Defendant/Counter-claimant by telephone or any other means of oral communication at any time with respect to the account.

7. The Defendant/Counter-claimant's right to use her account was not revoked before she filed bankruptcy.

8. Plaintiff did not reject any charges made by Debtor/Defendant on her account.

9. Plaintiff does not individually review each use of an account by a customer and routinely allows such use until such time as the customer becomes delinquent, reports a card lost or stolen, exceeds the applicable credit limit or until the account is revoked.

10. Plaintiff did not seek or review a credit report concerning Defendant/Counter-claimant at any time after the account was opened.

11. Plaintiff did not seek verification of income and employment of the Defendant/Counter-claimant at any time after the account was opened.

12. Plaintiff did not attend the Section 341(a) Meeting of Creditors in Defendant/Counter-claimant's bankruptcy, and did not conduct a Rule 2004 deposition of Defendant/Counter-claimant at any time prior to filing this Adversary Proceeding Complaint.

13. One common use of credit is obtaining a cash advance for which the borrower does not have the immediate ability to pay.

14. Bankruptcy is a standard risk that is taken into account by a creditor in a credit transaction.

15. The credit agreement between Plaintiff and Defendant/Counter-claimant permits Defendant/Counter-claimant to charge necessities such as food at grocery stores or in restaurants, medicines and medal services, gasoline and auto repairs, clothing and hair care and other personal items.

16. The credit agreement between Plaintiff and Defendant/Counter-claimant permits Defendant/Counter-claimant to purchase, rent, or lease goods of any kind and to purchase services and obtain loans from the card for any bona fide purpose.

17. Plaintiff did not have any direct evidence of Defendant/Counter-claimant's alleged intent to defraud pursuant to 11 U.S.C. § 523(a)(2)(A) at the time of the filing of the above-captioned Adversary Proceeding.

18. Plaintiff does not have any direct evidence of the Defendant/Counter-claimant's circumstances leading to the use of the credit account in question.

19. Plaintiff did not conduct any independent investigation into the circumstances leading to the use of the credit account in question.

20. Plaintiff commonly files actions such as the above-captioned Adversary Proceeding with the intent to settle such actions without a trial.

21. Plaintiff commonly files actions such as the above-captioned Adversary Proceeding without conducting a Rule 2004 deposition or attending the 341(a) Meeting of Creditors in the underlying bankruptcy case involved.

22. Plaintiff was not substantially justified, pursuant to 11 USC § 523(d), in filing the above-captioned Adversary Proceeding, because no diligent investigation of the Defendant/Counter-claimant's use of a cash advance was made prior to filing the Adversary Proceeding Petition.

23. That Michelle Labayen, esq. is not an attorney admitted to practice law in any state.

24. That Michelle Labayen, in a letter written to Defendant/Counter-claimant in July or August of 2006 made material misstatements of fact regarding the nature, status and legal position of Debtor/Counter-claimant's situation.

25. That Plaintiff initially offered to settle the Defendant/Counter-claimant's account for a reaffirmation of $3,900.00, or a lump sum payment of $3,000.00 but, after filing the Adversary Proceeding, offered to settle the account for $2,500.00.

26. That the attached two page letter, dated the 18th day of April, 2006 on the letterhead of Weinstein & Riley, P.S., signed by Glenn D. Miller, is a true and accurate copy of a letter sent to Defendant/Counter-claimant prior to the filing of the Adversary Proceeding on

behalf of the Plaintiff.

27. That the Defendant/Counter-claimant contacted Weinstein & Riley, P.S. in response to the letter.

28. That the attached one page letter, undated, on the letterhead of Weinstein & Riley, P.S., signed by Michelle Labayen, esq., is a true and accurate copy of a letter sent to Defendant/Counter-claimant after the filing of the Adversary Proceeding but before the entry of any judgment on behalf of the Plaintiff.

29. That the attached one page item, from The Exchange National Bank & Trust, is a true and accurate reflection of the sum of $3,900.00 to loan number 5696, on the 15th day of December, 2005, for an account in the name of Heidi R. Scholz.

30. That the attached two page letter, from William E. Pray to Michelle Layaben, Esq., dated the3rd day of August, 2006 is a true and accurate copy of the letter sent by telefacsimile and received following the mailing of the letter set forth in paragraph 28., above.

31. That no response has been sent to William E. Pray by Ms. Layaben, by the Plaintiff or any agent of the Plaintiff.

Submitted by,

_____
William E. Pray
Attorney at Law #9040
316 South 5th Street
Post Office Box 16
Leavenworth, Kansas 66048-0016
(913) 651-5678
(913) 682-8789 (fax)
Attorney for Defendant/Counter-claimant