

**SO ORDERED.**

**SIGNED this 16 day of April, 2007.**

_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:                              )
HEIDI SCHOLZ and CRAIG SCHOLZ       )     Case No. 06-40208
                                    )     Chapter 7
                 Debtor.            )
_____ )
CHASE BANK USA, N.A.                )
                                    )
                 Plaintiff,         )
                                    )
v.                                  )     Adversary No. 06-7050
                                    )
HEIDI SCHOLZ                        )
                                    )
                 Defendant.         )
_____ )

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION IN LIMINE, IN PART, AND DENYING IT IN PART

This matter is before the Court on Defendant's Motion in Limine[1] in this 11 U.S.C. §523(a)(2)

action. The Plaintiff has just filed its response to this motion, and the Court issues this quick and

_____

[1]Doc. 121.

abbreviated opinion discussing one piece of evidence to enable the parties to make pertinent decisions due to the imminent trial setting scheduled for May 2, 2007. The Defendant is seeking an order to exclude an exhibit from trial, as well as to prohibit any testimony regarding the amount Plaintiff claims Defendant owes it.

At issue in this motion is the admission of the Statement Facsimile (the "Statement"), which consists of two pages and is dated March 30, 2006. It is contained in Plaintiff's exhibit list in the Pretrial Order. Although the Court does not have a copy of this proposed exhibit, the Plaintiff describes the Statement as a statement of account that contains information concerning the dates, transaction descriptions, charges and payments, and the balance of Defendant's account.

Defendant has objected to the admission of the Statement on the basis that it constitutes hearsay and does not fall within the business records exception to hearsay contained in Fed. R. Evid. 803(6). Plaintiff does not argue that the record is not hearsay, or that it is admissible under any other hearsay exception. Fed. R. Evid. 803(6) provides that the following shall be not be excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, **all as shown by the testimony of the custodian or other qualified witness**, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

At issue in this case is whether the Plaintiff has identified any potential witnesses who qualifies as "the

2

custodian or other qualified witness" of the Statement. Without testimony from such a person, the business records exception to the prohibition against hearsay found in Fed. R. Evid. 803(6) is not available to the Plaintiff.

Plaintiff's counsel admits he intends to call Michelle Bertocchini as a witness to provide the required authentication for this exhibit. Ms. Bertocchini is employed by the Plaintiff as the Business Bankruptcy Operations Lead for Chase, and has been designated as the custodian of records for the Plaintiff in this case. The Defendant contends that Ms. Bertocchini does not qualify as the custodian or other qualified witness as to the Statement, because the Statement is not a business record of the Plaintiff, but rather of a third party.

According to the Defendant's motion, the computer records used to generate this exhibit are owned, kept and maintained by a company called TSYS, of whom the Plaintiff is a merely a client. Although the parties have not filed a stipulation of facts on this issue, the Plaintiff does not contest these facts in its response to the Motion in Limine.[2] The Defendant contends that it was TSYS that generated the Statement, and the Statement was based on information that was collected, stored and compiled by TSYS. Ms. Bertocchini's only knowledge of this document was her review of it in connection with this underlying bankruptcy case.

The Defendant contends that only someone familiar with TSYS' business operations, practices, and, most importantly, computer system, is qualified to authenticate the Statement as a business record

---

[2]If Plaintiff does disagree with these facts, it should file an immediate motion to reconsider. The Court will then ask the parties to stipulate to the facts, and if they cannot, the Court will likely wait and take this motion up at trial.

3

in this case, as only such a person would be able to accurately testify as to the reliability and accuracy of the Statement. The Court agrees, and finds nothing in the record to show that Ms. Bertocchini qualifies as a "records custodian or other qualified witness" as to the business record that was created by TSYS.

That said, although the Court finds that Ms. Bertocchini is not qualified to authenticate the Statement for purposes of Fed. R. Evid. 803(6), the Court declines to rule that the Statement is *per se* inadmissible based upon the record before it. The Plaintiff will not be allowed to admit this exhibit as a business record under Fed. R. Evid. 803(6) through the testimony of Ms. Bertocchini, but may be able to introduce it in some other manner that is not currently before the Court. If the Plaintiff attempts to introduce this exhibit at trial through some other means, and Defendant contemporaneously objects, the Court will at that time address the admissibility of the Statement.

The Court also finds that the Motion in Limine provides no basis for excluding all testimony regarding the amount Plaintiff claims Defendant owes, which is the remedy sought. The Defendant has made a sufficient showing that the Statement cannot be introduced through Ms. Bertocchini as a business record under Fed. R. Evid. 803(6), but that does not preclude any and all testimony about the amount of money, if any, the Defendant owes the Plaintiff. For example, the Defendant's Motion in Limine does not provide any basis for prohibiting Plaintiff from calling the Defendant to the stand and asking her how much she charged on her Chase account pre-petition(and for what), what payments she made on the account, and what personal knowledge she has about the balance due, if any, when she filed bankruptcy. If the Plaintiff has other evidence to establish the amount of the debt it claims Defendant owes, or if it believes the Statement can be introduced in some manner other than through

4

Ms. Bertocchini's testimony under Fed. R. Evid. 803(6), it can seek to admit that evidence at trial, and the Court will rule on any objections made at that time.

## Motion to Set Hearing

As this Court was preparing this opinion, Defendant filed a Motion to Set Hearing[3] dated April 13, 2007, seeking a hearing before the May 2 trial date on Defendant's Motion for an Order to Show Cause,[4] Defendant's Motion in Limine,[5] Defendant's Fourth Motion for Sanctions,[6] and Defendant's Motion for Judgment on Discovery Sanctions.[7] Defendant generically claims that a hearing on these motions is necessary before the trial in this case "to aid the parties in preparation for trial," but provides no specifics. The Court requests Defendant's counsel inform the Court, preferably by letter copied to counsel for the Plaintiff, whether this ruling on her Motion in Limine eliminates the need to conduct a hearing before the trial in this case, or whether a hearing still needs to take place prior to May 2, 2007.[8] If the hearing is still requested, the reasons why such a hearing prior to trial would assist the parties should be outlined.

**IT IS, THEREFORE, BY THE COURT ORDERED** that the Defendant's Motion in

---

[3]Doc. 136.

[4]Doc. 118.

[5]Doc. 121.

[6]Doc. 127.

[7]Doc. 135.

[8]This judge is out of the office until April 23, 2007; if the Court is persuaded that a hearing would truly assist the parties in preparation for trial, the Court presently has limited time on Thursday, April 24, 2007 to conduct such hearing.

5

Limine is granted, in part, and denied, in part.

**IT IS FURTHER ORDERED** that Defendant's counsel inform the Court by Friday, April 20, 2007, whether the Defendant believes the Court should conduct a hearing, as requested in the Motion to Set Hearing filed on April 13, 2007, prior to the trial in light of today's ruling on the Motion in Limine, and if so why.

###